Filed 2/18/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEX NAVARRO,<br><br>    Defendant and Appellant. | G050974<br><br>(Super. Ct. No. P01259)<br><br>O P I N I O N |

        Appeal from a postjudgment order of the Superior Court of Orange County, Dan McNerney, Judge.  Reversed.

        Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorney Generals, for Plaintiff and Respondent.

Alex Navarro appeals from a postjudgment order finding him in violation of a special condition of parole, special condition No. 89 (the Special Condition), restricting his use of the Internet. On appeal, Navarro asserts the Special Condition does not reasonably relate to his criminal conduct or to preventing future criminality and is vague and overbroad. The Attorney General argues the issue is moot because Navarro's parole has expired and the Special Condition is valid. While we agree the issue is moot, we exercise our discretion to decide the case on its merits as it is one of public importance likely to reoccur. We agree with Navarro the Special Condition is vague and reverse the postjudgment order.

FACTS

In January 2009, Navarro pleaded guilty to attempted kidnapping (Pen. Code, §§ 664, 207, subd. (a); all further statutory references are to the Pen. Code). The facts of the offense were 19-year-old Navarro grabbed the 13-year-old victim's arms at a bus stop and threatened to rape her. Four months later, pursuant to the plea agreement, the trial court sentenced him to one year in jail and three years of formal probation and he agreed to register as a sexual offender pursuant to section 290.[1] The trial court later found Navarro violated probation, ordered probation revoked, and sentenced Navarro to 30 months in prison.

Navarro was released on parole in April 2011 subject to various conditions, including the Special Condition, which provided the following: "You shall not use an electronic bulletin board system, [I]nternet relay chat channel, instant messaging, newsgroup, usergroup, peer to peer; i.e., Napster, Gnutella, Freenet, etc. This would include any site-base; i.e., Hotmail, Gmail, or Yahoo e-mail, etc., which allows the user to have the ability to surf the [I]nternet undetected." Navarro was subject to four other

---

[1] The facts are taken from Navarro's appeal from the trial court's denial of his request to withdraw his guilty plea. (*People v. Navarro* (June 21, 2010, E048275) [nonpub. opn.].)

conditions restricting his computer and electronic media use, including special condition No. 90, which prohibited him from using a computer for sexual activity, i.e., "'chat[ting],'" e-mail, usergroups, newsgroups, and list servers.

Between July 2011 and March 2014, Navarro violated parole four times. In August 2014, Navarro's parole officer, Millicent Golz, was notified of another possible parole violation. Golz contacted Navarro and took his cell phone to search its contents. On the cell phone Golz found several social media accounts, including Facebook and Instagram, as well as accounts to dating sites where he was communicating with women. Golz arrested Navarro.

The parole violation decision making instrument (PVDMI) of the California Department of Corrections and Rehabilitation, Division of Adult Parole Operations (the Department) recommended a response level of least to most intensive with continued parole and remedial sanctions. Golz, however, recommended parole revocation and 135 days in custody.

At a hearing in October 2014, Navarro argued the Special Condition was overbroad because the offense did not involve the Internet. The trial court determined the Special Condition was valid and it was reasonably related to the attempted kidnapping because it sought to prevent him from visiting Internet sites where he could engage in predatory behavior. The trial court denied Navarro's request to remove or modify the Special Condition. The court concluded Navarro performed poorly on parole and sentenced him to 180 days and awarded him 146 days of credit. During the pendency of this appeal, Navarro's parole expired.[2]

---

[2]     In Navarro's reply brief, filed on June 15, 2015, Navarro's appellate counsel represents Navarro was discharged from parole on April 25, 2015.

DISCUSSION

*I. Moot*

The Attorney General requests we dismiss this appeal because Navarro has been released from parole and any decision would be without practical effect. Navarro argues his release from parole does not render his appeal moot because this case involves issues of public importance likely to reoccur. We agree with Navarro.

*People v. Osorio* (2015) 235 Cal.App.4th 1408, 1411 (*Osorio*), is instructive. In that case, defendant was released on parole with the condition he was not to have any association with known gang members. (*Id.* at p. 1410.) During his period of parole, defendant was arrested while he talked with individuals he knew to be gang members. (*Ibid.*) The trial court determined defendant violated parole, revoked parole, and sentenced him to 73 days in jail. (*Id.* at p. 1411) While his appeal was pending, defendant was released from custody and his parole expired. (*Ibid.*) The *Osorio* court agreed with the Attorney General the issue was moot, but the court exercised its discretion to consider the merits of the appeal because the court has the "discretion to decide a case that, although moot, poses an issue of broad public interest that is likely to recur." (*Ibid.*) Indeed, "'Such questions [of general public concern] do not become moot by reason of the fact that the ensuing judgment may no longer be binding upon a party to the action.' [Citation.]" (*In re William M.* (1970) 3 Cal.3d 16, 23.)

Navarro's release from parole eliminated any effect our decision may have had on him, but the underlying issue relating to the Special Condition is one of broad public interest that is likely to reoccur. The Special Condition is included on a pre-printed form issued by the Department. When inmates are to be released on parole, the Department selects special conditions from the pre-printed form to impose on the inmate during parole based on the individual inmate and the underlying crime. The inmate must agree to the conditions and sign the pre-printed form before being released on parole. Since it is highly probable that another inmate released on parole will be

4

subject to the Special Condition and the identical issue could be raised again, we exercise our discretion to determine this appeal on its merits despite the issue being moot.

## II. *Reasonably Related*

Relying on *In re Stevens* (2004) 119 Cal.App.4th 1228 (*Stevens*), Navarro contends the Special Condition is invalid because it does not reasonably relate to the underlying crime or to preventing future criminal conduct. We disagree.

"Parole conditions, like conditions of probation, must be reasonable since parolees retain 'constitutional protection against arbitrary and oppressive official action.' [Citation.] Conditions of parole must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee. [Citation.] Thus, a condition that bars lawful activity will be upheld only if the prohibited conduct either 1) has a relationship to the crime of which the offender was convicted, or 2) is reasonably related to deter future criminality. [Citation.]" (*Stevens, supra,* 119 Cal.App.4th at p. 1234.) We review the imposition of parole conditions for an abuse of discretion. (See *People v. Martinez* (2014) 226 Cal.App.4th 759, 764.)

In *Stevens*, defendant pleaded guilty to committing a lewd act on a child under 14 who he met at a youth program. Defendant's home computer contained no child pornography or evidence of illicit activity. (*Stevens, supra,* 119 Cal.App.4th at p. 1231.) When defendant was released on parole, a special condition of parole stated, "'You shall not possess or have access to computer hardware or software including the [I]nternet.'" (*Ibid.*) In his habeas corpus petition, defendant contended the restriction bore no relation to his crime of conviction, did not relate to criminal conduct, and forbade conduct not reasonably related to preventing future criminality. (*Ibid.*) The court recognized the state had a compelling concern that giving a released child molester "unfettered access to a computer might result in criminal conduct." (*Id.* at p. 1239.) However, the court held the condition invalid because it completely prohibited computer and Internet use, which bore no relation to the underlying offense and was a greater

5

restriction than necessary to accomplish the state's goal. (*Ibid*.) The court concluded a more focused condition, such as unannounced inspections or monitoring software would be appropriate. (*Ibid*.)

Similar to *Stevens*, Navarro did not use a computer during the underlying offense and thus the Special Condition does not directly relate to the crime of conviction. The Special Condition does, however, reasonably relate to preventing future criminality. And unlike *Stevens*, the Special Condition did not completely prohibit Navarro from using a computer or the Internet.

The Department imposed the Special Condition for the following two reasons: the nature of the underlying offense ("[s]ubject attempted to kidnap a minor; during the attack he touched her and threatened to rape he[r]") created a nexus between Navarro's behavior during the underlying offense and the behavior being restricted; and the restriction controls those behaviors associated with Navarro's "sexual deviancy and sex offender profile behavioral characteristics." The trial court relied on these factors when it reasoned, "It would appear that the conditions related to making efforts to curtail or prohibit [Navarro from] engaging in any type of predatory behavior that resulted in his imprisonment in the first place by denying him access to sites which would [allow him to] engage in predatory behavior[.]" Therefore, the trial court did not abuse its discretion by imposing the Special Condition that sought to deter Navarro from using Internet technologies to prey on young victims.

Additionally, the trial court's conclusion is further supported by Navarro's unsatisfactory performance on parole, including four parole violations, several of which related to Internet use. One parole violation was for viewing, possessing, or having access to pornographic material on his cell phone. Another parole violation was for changing his name to conceal his registered sexual offender name, "Alex Navarro," by using the name "Alex Russell" on Gmail and various social media websites. Thus, the

6

Special Condition was valid because it was reasonably related to deter future criminal conduct.

*III. Vague*

Conceding he did not raise the vagueness issue below, Navarro contends the Special Condition is unconstitutionally vague because it fails to provide fair warning what conduct is prohibited. We agree.

Preliminarily, the Attorney General does not assert Navarro forfeited appellate review of the vagueness issue because he did not raise the issue below. Indeed, the forfeiture rule does not apply when a parole condition is challenged as unconstitutionally vague on its face and the claim can be resolved on appeal as a pure question of law without reference to the particular sentencing record developed below. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887-889 (*Sheena K.*).)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [citation.] The vagueness doctrine bars enforcement of '"a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.] A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.] In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have '"*reasonable* specificity."'

7

[Citation.] [¶] A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Sheena K., supra,* 40 Cal.4th at p. 890.) We review vagueness and overbreadth challenges de novo. (*Id.* at pp. 887-888.)

Here, the Special Condition consists of two sentences. The first sentence states, "You shall not use an electronic bulletin board system, [I]nternet relay chat channel, instant messaging, newsgroup, usergroup, peer to peer; i.e., Napster, Gnutella, Freenet, etc." Read plainly, this would restrict a parolee from using any Internet based communication where the parolee posts content to the Internet, such as instant messaging or social media. The second sentence provides, "This would include any site-base; i.e., Hotmail, Gmail, or Yahoo e-mail, etc., which allows the user to have the ability to surf the [I]nternet undetected." The inclusion of specific e-mail providers seems to ban the use of e-mail providers to surf the Internet undetected. However, the second sentence relates to the restrictions laid out in the first sentence, as the second sentence begins "[t]his would include," and it is unclear how these two sentences work together, resulting in disagreement between the parties concerning how to interpret the Special Condition.

Navarro suggests there are two ways to interpret the Special Condition. First, it prohibits the use of any e-mail or Internet browser that allows Internet searching in "private" mode. Second, it prohibits the use of instant messaging, peer to peer communications, or bulletin boards that allow the user to surf the Internet undetected. The Attorney General interprets the Special Condition as prohibiting parolees from visiting any platform that allows them to browse the Internet undetected by listing types of platforms prohibited (electronic bulletin board systems, Internet relay chat channels, instant messaging, newsgroup, usergroup, and peer-to-peer) and specific platforms

8

prohibited (Napster, Gnutella, Freenet, Hotmail, Gmail, and Yahoo e-mail). The confusion does not end there.

First, as Navarro notes, the phrase "'surf the Internet undetected'" makes it unclear whether it applies to parolees surfing the Internet undetected by parole authorities or to parolees interacting with others on the Internet without revealing their identities. Second, the inclusion of specific e-mail platforms in the second sentence causes confusion about whether the Special Condition prohibits the parolee from using e-mail altogether, which would unnecessarily infringe on his right to communicate with family/friends or find/keep employment, or whether the parolee can use e-mail, just not to browse the Internet undetected.

As demonstrated by the many interpretations and resulting confusion, we conclude the Special Condition is not "sufficiently precise for the [parolee] to know what is required of him," which has caused the parties and the court to "'"guess at its meaning and differ as to its application." [Citation.]'" (*Sheena K, supra,* 40 Cal.4th at p. 890.) Therefore, due to its imprecise nature, we conclude the Special Condition is unconstitutionally vague as written.

IV. *Overbroad*

Finally, Navarro asserts the Special Condition is unconstitutionally overbroad because it imposes a far greater burden on his First Amendment rights than reasonably necessary to achieve any legitimate state interest. We decline Navarro's invitation to consider the overbreadth issue in light of our conclusion the Special Condition is unconstitutionally vague. (*Sheena K, supra,* 40 Cal.4th at p. 891, fn. 8 ["In view of [the] conclusion [the probation condition is unconstitutionally vague], it is unnecessary to decide whether [. . .] the probation condition also is unconstitutionally overbroad"].)

DISPOSITION

The postjudgment order is reversed.


                                    O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.

10