Filed 8/23/16  P. v. Schott CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051331 |
| v. | (Super. Ct. No. P-01398) |
| MICHAEL GIRARD SCHOTT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Craig E. Robison, Judge.  (Retired judge of the Orange Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified in part, reversed in part, and remanded.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Attorney General, Charles C. Ragland and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Michael Gerard Schott appeals from the trial court's order imposing parole terms and conditions. Schott argues some of the terms are unconstitutional and the amount of his parole revocation restitution fine is improper. The Attorney General agrees with some of his claims but disagrees with others.

After briefing was complete, we invited the parties to file supplemental letter briefs on the effect of *People v. Navarro* (2016) 244 Cal.App.4th 1294 (*Navarro*), on this case. As modified we affirm the order in part, reverse in part, and remand for further proceedings.

FACTS

A jury convicted Schott of obstructing or resisting an executive officer in violation of Penal Code[1] section 69 and failure to register as a sex offender in violation of section 290.001. The trial court placed Schott on parole supervision, imposed various terms and conditions, and ordered him to pay a parole revocation restition fine in the amount of $280. The terms included a requirement that Schott wear an electronic, global positioning system device (GPS).

About five months later, Schott's parole officer was notified by the Satellite Tracking of People ("STOP") solution center that Schott's GPS device was in "[m]aster [t]amper." This notification indicated Schott's GPS device either had been removed from his person or was malfunctioning. Schott's parole officer sent several vibrate and audible alerts to the device, which would instruct Schott to contact his parole officer, but Schott did not respond.

The parole officer went to Schott's last known location and found the GPS device in a trash can. The parole agent attempted to locate Schott in the area without success. A warrant was issued for Schott's arrest, and he was arrested two days later.

---

[1] All further statutory references are to the Penal Code.

2

The following month, the trial court concluded Schott had violated his parole and sentenced him to 180 days in jail. The court imposed 53 parole terms. Pertinent to this appeal are the following terms:

No. 3—"You shall not consume, possess, or have access to any alcoholic beverages, liquors, or over-the-counter medication that contains alcohol; (e.g., Nyquil) . . . ."

No. 4—"You shall not enter a business whose primary purpose is to sell or serve alcoholic beverages."

No. 5—"You shall not use, possess, or distribute any narcotic or other controlled substance as defined by law or any paraphernalia related to such substances, without a valid prescription."

No. 18—"You shall not enter or loiter within 250 [f]eet of the perimeter of places where children congregate; e.g., day care centers, schools, parks, playgrounds, video arcades, swimming pools, state fairgrounds, county fairgrounds, etc."

No. 20—"You shall not date, socialize or form a romantic interest or sexual relationship with any person who has physical custody of a minor."

No. 23—"You shall not enter the premises, unnecessarily travel past, or loiter near where your victim frequents, resides, is employed, or attends classes."

No. 27—"You shall not associate with any sex offenders except when approved in writing by your parole agent."

No. 32—"You shall not enter or loiter within 100 yards of areas of sexual or pornographic activity, (e.g., adult bookstores, massage parlors, nude or topless bars, sex shops, etc.)"

No. 37—"You shall not reside in a residence with any person also required to register pursuant to PC [s]ection 290, unless he or she is legally related to you by blood, marriage, or adoption. This does not include treatment programs and/or board and care facilities with the appropriate use permit."

3

No. 39—"You shall not reside within 2,000 feet of any public or private school (kindergarten and grades 1 to 12, inclusive), or parks where children regularly congregate per . . . [s]ection 3003.5(b)."

No. 44—"You shall not possess, or have access to any sexually oriented or sexually stimulating objects and/or devices."

No. 45—"You shall not view, possess, or have access to any pornographic material; e.g., movies, photographs, drawings, literature, etc."

No. 46—"You shall not view, possess, or have access to any material; e.g. periodicals, newspapers, magazines, catalogs depicting adults or children in undergarments, nude, partially nude, etc."

No. 86—"You shall not use an electronic bulletin board system, internet relay chat channel, instant messaging, newsgroup, user group, peer to peer; e.g., Napster, Gnutella[,] Freenet, etc.  This would include any site-base; e.g., Hotmail, Gmail, or Yahoo e-mail, etc., which allows the user to have the ability to surf the internet undetected."

No. 87—"You shall not use the computer for any purpose which might further sexual activity; e.g., possession of sexually explicit material in any form; sexually related "chat" or e-mail exchange; visiting or joining "chat rooms" which contain sexually explicit conversations; visiting/viewing sexually explicit material on web sites; downloading text or video files, digital images in any format, text files or multi-media material that is sexual in nature; or visiting and/or subscribing to user groups, newsgroups, or list servers which contain sexual content."

No. 88—"You shall not use the computer for any purpose which might further sexual activity involving minor children; e.g., possession of sexually explicit material in any form; sexually related "chat" or e-mail exchange; visiting or joining "chat rooms" which contain sexually explicit conversations; visiting/viewing sexually explicit material on web sites; downloading text or video files, digital images in any format, text

4

files or multi-media material that is sexual in nature; or visiting and/or subscribing to user groups, newsgroups, or list servers which contain sexual content."

No. 90—"You shall not use any method to hide or prevent unauthorized users from viewing specific data or files; e.g., encryption, cryptography, steganography, compression, password protected files.  Log in and password information shall be provided to your parole agent upon request."

No. 91—"You shall not alter or destroy records of computer use; e.g., delete or remove browser history data, possess software or items designed to boot into the memory in the computer, alter or "wipe" computer media, defeat forensic software, block monitoring software, restore a computer to a previous state, or reinstall operating systems, etc."

No. 94—"You shall not view, possess, or have access to electronic media that depicts sexually explicit content."

No. 96—"You shall not use or access any telephone numbers designed for sexual arousal or stimulation."

No. 99—"You shall not loiter (to delay, to linger, or to idle about) or be in the vicinity of:  [No location specified][.]"

No. 107—"You shall not travel out of Orange County without prior approval of your [s]upervising [p]arole [a]gent."

No. 108—"You shall not enter any residence or be on the property of any residence (including but not limited to a single-family residence, hotel, motel, or apartment) without PRIOR approval from your [s]upervising [p]arole [a]gent."

The trial court also imposed a parole revocation restitution fine in the amount of $300.

DISCUSSION

The criteria for evaluating the constitutionality of probation conditions also apply to parole terms.  (*In re Stevens* (2004) 119 Cal.App.4th 1228, 1233.)  Parole

5

revocation and probation revocation after the imposition of a sentence are constitutionally indistinguishable.  (*Gagnon v. Scarpelli* (1973) 411 U.S. 778, 782, fn. 3.)  A probation term must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the term has been violated.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)

*Schott's Contentions*

Schott objects to 23 of the 53 parole terms the trial court imposed.  He contends these parole terms are unconstitutionally vague and overbroad as they do not contain necessary knowledge elements and contain unclear terms.  He asserts that absent a knowledge requirement, parole terms involving travel, possession of prohibited items, association, and presence where alcohol is sold are unconstitutionally vague and overbroad.  He suggests that absent a knowledge requirement, he could unknowingly violate a term and find himself in violation of his parole.

Schott cites to numerous cases in which appellate courts have found probation terms unconstitutionally vague and overbroad because the terms did not require the probationer to have knowledge of the prohibited conduct.  Among the cases cited are *People v. Barajas* (2011) 198 Cal.App.4th 748, 760-763 [presence near school grounds during school hours], *People v. Leon* (2010) 181 Cal.App.4th 943, 952 [frequenting areas of gang-related activity], *People v. Freitas* (2009) 179 Cal.App.4th 747, 751-752 (*Freitas*) [possessing stolen property, or possessing firearms or ammunition], *In re H.C.* (2009) 175 Cal.App.4th 1067, 1071 [probationers, parolees, or gang members]; *In re Vincent G.* (2008) 162 Cal.App.4th 238, 245, 247-248 [possessing, wearing or displaying gang-affiliated material], *People v. Turner* (2007) 155 Cal.App.4th 1432, 1437 [persons under 18], *People v. Lopez* (1998) 66 Cal.App.4th 615, 628 [gang members], and *People v. Garcia* (1993) 19 Cal.App.4th 97, 102 [felons, ex-felons, or narcotics users].  Schott relies on these cases to argue that absent the insertion of a knowledge element into each of the objected to terms, the terms are unconstitutionally vague and overbroad.

6

Because Schott only argues the terms require a knowledge element or rely on unclear terms and fails to argue the overbreadth contention, the Attorney General contends the only issue we need address is the knowledge element. Additionally, she argues Schott has forfeited his challenges to parole Nos. 18, 23, 32, 86-94, and 99-108 because these are fact based arguments that should have been raised below. (*People v. Welch* (1993) 5 Cal.4th 228, 234 [timely objection allows trial court to modify or delete allegedly unreasonable condition or explain why necessary in particular case].) We disagree and will consider the merits of Schott's contention certain terms are vague and overbroad. An appellate court in its discretion may consider the merits of the claim that probation conditions impermissibly burdened the defendant's constitutional rights. (*People v. Hackler* (1993) 13 Cal.App.4th 1049, 1052, 1054-1057.)

The Attorney General agrees a term of parole must be "'sufficiently precise for the [parolee] to know what is required of him [or her].'" (*Sheena K., supra,* 40 Cal.4th at p. 890.) She asserts an appellate court should use common sense interpretation of the terms and the term should be given the "'meaning that would appear to a reasonable, objective reader.'" (*People v. Olguin* (2008) 45 Cal.4th 375, 382.)

Acknowledging that appellate courts have previously taken cautionary measures and modified terms restricting association, possession, and presence to include a knowledge element, she argues more recent cases have disagreed with such a modification. She cites recent decisions that have expressly disagreed with modification to include a knowledge requirement. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 593 [finding probation term prohibiting use or possession of narcotics and other controlled substances contained implicit knowledge element]; *People v. Kim* (2011) 193 Cal.App.4th 836, 846 [disagreeing with *Freitas* and finding probation term prohibiting possession of firearm contained an implicit knowledge element].)

In *People v. Patel* (2011) 196 Cal.App.4th 956, 960-961, the court held all probation terms must be construed to include an implicit knowledge element, and concluded that a modification of a probation order to expressly include a scienter requirement was no longer required. (But see *People v. Moses* (2011) 199 Cal.App.4th 374, 380 [acknowledging *Patel* but concluding better approach was modification of term rather than reading into term knowledge requirement].) The court in *People v. Moore* (2012) 211 Cal.App.4th 1179, 1186-1187, 1189, agreed with the rationale and holding in *Patel*. The Attorney General contends the most significant holding on this issue came recently in *People v. Hall* (2015) 236 Cal.App.4th 1124, 1131 (*Hall*). But the California Supreme Court granted review in *Hall*. (*Hall, supra,* 236 Cal.App.4th 1124, review granted Sept. 9, 2015, S227193.) Additionally, our high court is considering whether a no contact order must include an explicit knowledge requirement. (*In re A.S.* (2014) 227 Cal.App.4th 400, review granted Sept. 24, 2014, S220280.)

The Attorney General contends, with the exception of No. 99, that all the terms are sufficiently clear such that a reasonable person would understand what conduct is prohibited. But should this court find the terms to be vague, the Attorney General agrees that Nos. 3, 4, 18-46, 87, and 90-108 may be modified to expressly require Schott have actual knowledge (knows) or constructive knowledge (have reason to know) of the prohibited activity. We will now address the terms that must be modified or stricken and lastly the terms that are sufficiently clear.

*Terms that Require Modification or that Must be Stricken*

Where a probation term requires a waiver of constitutional rights, the term must be narrowly drawn, and to the extent it is overbroad, it is not reasonably related to the compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of constitutional rights. (*People v. Mason* (1971) 5 Cal.3d 759, 768, overruled on other grounds in *People v. Lent* (1975) 15 Cal.3d 481, 486, fn. 1.)

8

Additionally, a term that fails to provide adequate notice to the parolee on what is prohibited is impermissible.

Accordingly, Nos. 18, 20, 23, 27, 32, 37, 39, 96, 107, and 108, must be modified to include a knowledge requirement. The Attorney General concedes No. 99 is vague and remand is required for it to be modified.

No. 18 prohibits Schott from entering or loitering near places where children congregate. Is a bus stop where two children wait for the school bus a location where children congregate? Is a retail establishment where significant numbers of children may be present with their families a location where children congregate? This term must be modified to include a knowledge requirement.

No. 20 prohibits Schott from dating a person with custody of a minor, No. 27 prohibits him from associating with other sex offenders, and No. 37 prohibits him from residing with persons required to register under section 290. We agree these three terms must be modified to include a knowledge requirement as they prohibit association based on circumstances that may not be readily apparent to Schott.

No. 23 prohibits Schott from entering the premises, unnecessarily travel past, or loiter near where his victim resides, is employed, or attends classes. Nothing in the record explains how Schott knows or reasonably should know where the victim resides, works, or attends school. This term must also be modified to include a knowledge requirement.

Nos. 32 and 39 prohibit Schott from being in proximity of sexual or pornographic activity and schools or parks. We cannot presume Schott or any other reasonable person would be able to readily identify a location where inconspicuous sexual or pornographic activity was taking place. Nor can we presume Schott is aware of the location of all parks and schools. These terms must be modified to include a knowledge requirement.

9

No. 86 prohibits Schott from using an electronic bulletin board system, internet relay chat channel, instant messaging, newsgroup, user group, peer to peer or any site-base that would allow him to surf the internet undetected. As we explained in *Navarro, supra,* 244 Cal.App.4th at pages 1301-1302, the identical special condition was vague. Here, in her supplemental letter brief, the Attorney General concedes that based on *Navarro*, No. 86 is vague and must be stricken. We agree the term must be stricken as unconstitutionally vague.

No. 96 prohibits Schott from using or accessing telephone numbers designed for sexual arousal or stimulation. There is no indication as to how a telephone number on its face would reveal it is designed for sexual arousal or stimulation. This term must be modified to include a knowledge requirement.

No. 107 prohibits Schott from traveling out of Orange County without prior approval of his supervising parole agent. We cannot presume Schott is aware of Orange County's boundaries. This term must be modified to include a knowledge requirement.

No. 108 prohibits Schott's entrance into any "single-family residence, hotel, motel, or apartment." A term of probation which forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486.) There is nothing in the record that explains how these prohibitions serve a rehabilitative or other compelling state interest. The term must be stricken as unconstitutionally vague and overbroad.

*Terms not Requiring Modification*

A person's status as a felon, narcotics user, gang member, probationer, or parolee, may not be immediately discernable or readily apparent based on simple observations, but the same cannot be said about such things as alcohol (No. 3), a business whose primary purpose is to sell or serve alcoholic beverages (No. 4), narcotics or paraphernalia (No. 5), sexually stimulating objects (No. 44), pornographic material, and

10

media depicting individuals in undergarments or partially nude (Nos. 45 & 46), computer use to further sexual activity (Nos. 87 & 88), technology to conceal computer use (No. 90), alteration or destruction of computer files (No. 91), or sexually explicit electronic media (No. 94). Accordingly, Nos. 3, 4, 5, 44, 45, 46, 87, 88, 90, 91, and 94 need not be modified to include a knowledge requirement.

Admittedly age is not always easily determinable based solely on appearance. But No. 46 prevents behavior involving both children and adults. No. 88 prohibits computer use for any purpose which might further sexual activity involving minor children and it is possible that Schott could innocently mistake a minor child for an adult. But such an innocent mistake would not be a willful violation of probation.

Should a probationer/parolee mistakenly fail to recognize his behavior violates a term of probation/parole, the probationer/parolee may contest any alleged violation and explain the violation was unintentional and not a willful violation. "A court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' [Citation.]" (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.) Thus, willfulness is the mens rea that is implicitly required for a probation violation. (*Ibid.*) The term willful requires the prohibited act to occur intentionally. (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1438.) The term also imports a requirement that "the person knows what he is doing." (*In re Trombley* (1948) 31 Cal.2d 801, 807; *People v. Honig* (1996) 48 Cal.App.4th 289, 334-335.) "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]." (*Freitas* (2009) 179 Cal.App.4th at p. 752.) If Schott unknowingly violates a term of his probation, he may contest any violation based on his innocent conduct.

11

*Parole Revocation Restitution Fine*

Schott argues the trial court erred by imposing a parole revocation restitution fine in the amount of $300 because the original parole revocation restitution fine was $280. The Attorney General concedes the error.

In *People v. Chambers* (1998) 65 Cal.App.4th 819, 823, "the trial court imposed two separate restitution fines for the same conviction: a $200 restitution fine at the time probation was granted and a $500 restitution fine at the time probation was revoked." The issue on appeal was whether the trial court was authorized to impose the higher restitution fine. The *Chambers* court concluded it was not and held "a restitution fine imposed at the time probation is granted survives the revocation of probation." (*Id.* at p. 820.) Likewise, we conclude the restitution fine of $300 was in error.

## DISPOSITION

The trial court is ordered to modify the following parole terms to read:

No. 18—"You shall not *knowingly* enter or loiter within 250 feet of the perimeter of places where children congregate; e.g., day care centers, schools, parks, playgrounds, video arcades, swimming pools, state fairgrounds, county fairgrounds, etc."

No. 20—"You shall not *knowingly* date, socialize or form a romantic interest or sexual relationship with any person who has physical custody of a minor."

No. 23—"You shall not *knowingly* enter the premises, unnecessarily travel past, or loiter near where your victim resides, is employed, or attends classes."

No. 27—"You shall not *knowingly* associate with any sex offenders except when approved in writing by your parole agent."

No. 32—"You shall not *knowingly* enter or loiter within 100 yards of areas of sexual or pornographic activity, (e.g., adult bookstores, massage parlors, nude or topless bars, sex shops, etc.)"

No. 37—"You shall not *knowingly* reside in a residence with any person also required to register pursuant to PC Section 290, unless he or she is legally related to

12

you by blood, marriage, or adoption. This condition does not include treatment programs and/or board and care facilities with the appropriate use permit."

No. 39—"You shall not *knowingly* reside within 2,000 feet of any public or private school (kindergarten and grades 1 to 12, inclusive), or parks where children regularly congregate per PC Section 3003.5(b)."

No. 86 must be stricken.

No. 96—"You shall not *knowingly* use or access any telephone numbers designed for sexual arousal or stimulation."

No. 99 is remanded for the court to specify a location or strike the term.

No. 107—"You shall not *knowingly* travel out of Orange County without prior approval of your supervising parole agent."

No. 108 must be stricken.

The court is ordered to modify parole revocation restitution fine to the original amount of $280. Accordingly, we affirm the order as modified in part, reverse in part, and remand for further proceedings.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.


13