Filed 6/17/21  P. v. Pina CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075769 |
| v. | (Super.Ct.No. BPR2000985) |
| JOSEPH PINA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Judith M. Fouladi, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Dismissed as moot.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

1

After a contested hearing, the trial court found Joseph Pina in violation of his parole and ordered him to serve 180 days in county jail for failing to charge his global positioning system (GPS) monitoring device and attend required sex offender classes. Pina challenges the court's parole violation order, arguing there was insufficient evidence his violations were willful. Because Pina has already served his time in jail for the challenged violations, we dismiss his appeal as moot.

I

FACTS

In 1999, Pina was convicted of rape and lewd and lascivious acts with a child. (Pen. Code, §§ 261, subd. (a)(2), 288, subd. (c)(1), unlabeled statutory citations refer to this code.) He was released on parole in May 2019.

The terms and conditions of Pina's parole required him to, among other things, remain under continuous GPS monitoring, charge the GPS device for an hour once every 12 hours, and complete a treatment program for sex offenders. Pina's parole officer advised him about charging patterns a couple of times and reminded him to keep the device charged. Despite these reminders, from July 25 to 28, Pina consistently charged his GPS device for less than the required two hours, and when his device ran out of battery and died on July 28, his parole officer received an alert.

Pina told the parole officer that the device's charger had malfunctioned, but the parole officer tested his claim by charging the device with another charger, not the allegedly broken one. The newly charged device held its charge for 12 hours.

2

On July 29, 2020, Pina's parole officer received an email from Pina's sex-offender treatment program saying Pina had missed his telephonic classes on July 6, July 15, and July 22, 2020. Pina denied missing these classes.

As a result of these incidents, Pina's parole officer petitioned to revoke his parole, alleging violations for failing to keep his device charged and failing to attend treatment. The court held a contested revocation hearing in September 2020 and found both violations true. It revoked and reinstated parole but sentenced Pina to 180 days in jail as required by section 3010.10, subdivision (e).

Pina timely appealed.

II

ANALYSIS

Pina argues the court erred by revoking his parole because there was insufficient evidence that his violations were willful. The People argue Pina's appeal is moot because he was released from jail while his appeal was pending, meaning we cannot provide him with any effective relief. We agree with the People and conclude the appeal is moot.

" ' "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal" ' as moot." (*People v. DeLeon* (2017) 3 Cal.5th 640, 645.) Where, as here, a defendant has completed his jail term, an "appeal is technically moot because a reviewing court's

3

resolution of the issues could offer no relief regarding the time he spent in custody." (*Ibid.*) A parole violation alone "does not constitute a disadvantageous collateral consequence for purposes of assessing mootness." (*Id.* at p. 646.)

Pina acknowledges his appeal is moot but asks us to exercise our discretion to address the merits of his challenge. He argues his appeal involves an issue that "is likely to recur, might otherwise evade appellate review, and is of continuing public interest." (*People v. Morales* (2016) 63 Cal.4th 399, 409 (*Morales*).) This is so, Pina says, because the punishment for the GPS violation at issue here—180 days in jail—is a relatively brief amount of time that will almost always result in a moot appeal (thereby perpetually evading appellate review). (§ 3010.10, subd. (e).)

While we agree this issue is likely to recur and evade appellate review, we do not agree it qualifies as an issue of continuing public interest. Pina's challenge is to the sufficiency of the evidence only, which is necessarily a fact-specific question that will differ from case to case. As such, any decision on the merits in this case would not alter the law or have any larger impact on other defendants. Even if we agreed with Pina, our decision would have no practical effect on him nor would it carry any instructional value for lower courts. Simply put, his appeal raises no larger procedural or substantive issues that would constitute a "continuing public interest." (*Morales*, *supra*, 63 Cal.4th at p. 409.)

Nevertheless, Pina argues our conclusion does not *prevent* us from reaching the merits of his appeal. We find the cases he relies on for this argument unpersuasive.

*People v. Navarro* (2016) 244 Cal.App.4th 1294 and *People v. Austin* (2019) 35 Cal.App.5th 778 challenged the parole conditions themselves, not the evidence supporting revocation. In both cases the court could offer the appellants some relief by clarifying, modifying, or outright striking otherwise impermissible conditions. Moreover, in *Navarro* the court exercised its discretion to review the moot challenge because it was "highly probable that another inmate released on parole [would] be subject to the" same or similar condition "and the identical issue could be raised again." (*People v. Navarro*, at p. 1298.) And *Morrissey v. Brewer* (1972) 408 U.S. 471, another case Pina cites, didn't concern a moot issue at all, but rather raised the broad question of whether the parole revocation procedures afforded to *all parolees* satisfies due process. (*Id.* at pp. 484-490.)

We conclude Pina's appeal is moot and does not raise an issue of continuing public importance justifying review on the merits.

III

DISPOSITION

We dismiss the appeal as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

CODRINGTON
Acting P. J.

FIELDS
J.

5