Filed 6/27/24  P. v. Hidalgo CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>THOMAS HIDALGO,<br><br>    Defendant and Appellant. | A168365<br><br>(Mendocino County<br>Super. Ct. No. 23CR01600) |

Defendant Thomas Hidalgo appeals from an order finding him in violation of conditions of his parole.  His sole contention is that the condition prohibiting him from possessing incendiary devices is unconstitutionally vague and/or overbroad.  We will modify the challenged parole condition, but otherwise affirm the order.

## BACKGROUND

On March 3, 2022, defendant was convicted of, and sentenced to prison for, arson of property (Pen. Code, § 451, subd. (d)),[1] possession of a flammable substance with intent to burn (§ 453, subd. (a)), and carrying a concealed dirk or dagger (§ 21310).

On November 4, he was released on parole supervision for a term set to

---

[1] Further undesignated statutory references are to the Penal Code.

1

expire on December 30, 2024, and subject to general and special conditions. One of the general conditions required that defendant report to his parole officer following release. Among the special conditions were Condition No. 4 (prohibiting possession of drug paraphernalia) and Condition No. 69 (prohibiting possession of incendiary devices).

On July 6, 2023, the Mendocino County District Attorney filed a petition to revoke parole, alleging defendant had violated several conditions of his parole by failing to report to his parole officer, possessing drug paraphernalia, and possessing incendiary devices, specifically three lighters.

On July 19, defendant admitted to the three parole violations. The trial court accepted defendant's admissions, revoked his parole, ordered him to serve 45 days in county jail, and reinstated parole subject to the original terms and conditions.

This timely appeal followed.[2]

## DISCUSSION

Defendant argues that his parole condition prohibiting him from possessing incendiary devices "is unconstitutionally vague and/or overbroad."[3]

---

[2] Defendant argues, and the People agree, that this appeal is not moot, because although defendant has already served his 45-day jail term, he remains under parole supervision. We accept the People's concession.

[3] Defendant did not object to the challenged parole condition below, but the parties agree the contention was not forfeited because it presents a pure question of law. As do we. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 888.) As another initial matter, although the main argument heading in defendant's opening brief asserts the condition "is unconstitutionally vague and/or overbroad," the brief includes arguments only on overbreadth. In his reply brief, however, he cites to cases addressing vagueness. He also suggests in passing that the word "access" in Condition No. 69 is open to interpretation, which in turn goes to its clarity and thus whether it is vague. To the extent defendant is raising a vagueness challenge, his failure to

2

"Because parolees retain constitutional protection against arbitrary and oppressive official action, 'parole conditions, like conditions of probation, must be reasonable.'" (*People v. Austin* (2019) 35 Cal.App.5th 778, 787.) "[P]arole conditions may not be unconstitutionally vague or overbroad." (*Ibid*.) "To withstand a vagueness challenge, a condition must be sufficiently precise for parolees to know what is required of them and whether the condition has been violated." (*Ibid*.) "A restriction is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.'" (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) "We review vagueness and overbreadth challenges de novo." (*People v. Navarro* (2016) 244 Cal.App.4th 1294, 1301.)

At issue here is Condition No. 69, which states: "You shall not own, use, have access to, or have under your custody or control: (a) any incendiary devices, such as lighters, matches, etc.; and/or (b) any accelerant, such as lighter fluid, gasoline, butane, etc."

Defendant challenges part (a) of the condition, arguing that its "require[ment] [on him] not to possess incendiary devices is unconstitutionally vague and/or overbroad." He argues the condition is overbroad because "[i]f a person is not able to possess any item that can create a fire or a spark, this would render impossible many activities necessary and/or part of daily life such as smoking, lighting a pilot light, lighting a candle, and lighting a camping stove . . . ." He then asserts that the condition should be modified to be "more specific," such as by stating:

---

develop any cogent argument on the point in his opening brief allows us to deem the claim waived. (See *People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.) Nonetheless, in the interests of justice, we exercise our discretion to also consider the vagueness challenge.

3

"The parolee shall not possess any incendiary device except a lighter or matches when used for a lawful everyday purpose such as smoking or lighting a camping stove, gas stove, pilot light, candle, incense, barbecue or grill."

The People assert that defendant "fails to cite any authority for the proposition that possession of incendiary devices[,] . . . smoking cigarettes, lighting candles, or starting camping stoves[ ] are constitutionally protected activities." But even if such activities were protected, the People argue the condition is narrowly tailored to the prevention of arson.

In his reply brief, defendant attempts to identify a relevant constitutional right. He argues "[t]he ability to create a spark, necessary to prepare food and generate warmth, is . . . a function necessary for survival," which in turn implicates the "right to life," presumably under the due process clause of the Fourteenth Amendment of the United States Constitution and the California Constitution. (See U.S. Const., 14th Amend., § 1 [no state may "deprive any person of life, liberty, or property without due process of law"]; Cal. Const., art. I, § 7 ["A person may not be deprived of life, liberty, or property without due process of law"].)

Defendant does not present any authority to support his proposition that a restriction on possessing or using incendiary devices infringes on an individual's fundamental right to life, and we have found none so holding.[4]

---

[4] Indeed, " ' "[a]s a general matter, the [United States Supreme] Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.' (*Albright v. Oliver* (1994) 510 U.S. 266, 271–272.)" (*Clark v. City of Hermosa Beach* (1996) 48 Cal.App.4th 1152, 1183.)

4

In the absence of any historical or precedential support provided by defendant, his theory that the right to possess incendiary devices is constitutionally guaranteed is doubtful. In any event, we need not decide the issue, and thus whether the condition is overbroad, since we conclude it is vague.

The term "incendiary device" is subject to multiple interpretations. As defendant points out, "incendiary device" could include matches or lighters that are used for a "lawful everyday purpose such as smoking or lighting a camping stove, gas stove, pilot light, candle, incense, barbecue or grill." "Incendiary device" could also be interpreted in the specific context of the crime of arson, and particularly as it is defined in the Penal Code. Section 453, subdivision (b)(2) states: " 'Incendiary device' means a device that is constructed or designed to start an incendiary fire by remote, delayed, or instant means, but no device commercially manufactured primarily for the purpose of illumination shall be deemed to be an incendiary device for the purposes of this section." And "incendiary fire" is defined in section 453, subdivision (b)(3) as "a fire that is deliberately ignited under circumstances in which a person knows that the fire should not be ignited."

Without a clear definition of what is considered an "incendiary device," it is uncertain what Condition No. 69 includes and what defendant is precisely prohibited from possessing. To eliminate any concerns about vagueness or overbreadth, we will modify part (a) of the condition to include a reference to section 453, subdivisions (b)(2) and (3). (See *In re Sheena K.*, *supra*, 40 Cal.4th at p. 892.) With this change, defendant is not left guessing which items he can and cannot possess. If his intent in using a match is to light a pilot light on a gas stove in order to cook food, for example, then he is not in danger of running afoul of the no-incendiary-device condition. But the

5

opposite is obviously true if he intends to use the match to light a building on fire.

We next address the word "access" in part (a) of the condition, which states: "You shall not . . . have access to . . . any incendiary device. . . ." As defendant suggests, "access" could be read broadly to include simply being in the area or presence of another person using an incendiary device, without the right to control it. (See Merriam-Webster's Online Dict. <https://www.merriam-webster.com/dictionary/access> [as of June 25, 2024] [defining "access" as "permission, liberty, or ability to enter, approach, or pass to and from a place or to approach or communicate with a person or thing"].) Or it could be more narrowly read to mean an actual right to control or make use of the incendiary device. (See American Heritage Online Dict. <https://www.ahdictionary.com/word/search.html?q=access> [as of June 25, 2024] [defining "access" as "[t]he *ability or right to* approach, enter, exit, communicate with, or *make use of*"], italics added.) Given these possible interpretations, the word "access" in the condition is unclear. Further, since the condition already prohibits defendant from "own[ing], us[ing], or hav[ing] under [his] custody or control . . . any incendiary device," it seems unnecessary to also prohibit "hav[ing] access to" any such device. Thus, we will also modify Condition No. 69 to remove the words "having access to."

Lastly, since defendant does not challenge part (b) of Condition No. 69 regarding the prohibition on possessing "any accelerant," we will leave that part of the condition intact.

## DISPOSITION

The trial court is directed to modify Condition No. 69 to state: "You shall not own, use, or have under your custody or control (a) any incendiary device as defined in Penal Code section 453, subdivision (b)(2) and further

6

clarified in Penal Code section 453, subdivision (b)(3); and/or (b) any accelerant, such as lighter fluid, gasoline, butane, etc." In all other respects, the order is affirmed.

_____

Richman, Acting P. J.

We concur:

_____

Miller, J.

_____

Desautels, J.

*People v. Hidalgo* (A168365)

8