Filed 9/27/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES CONNORS,<br><br>    Defendant and Appellant. | H042385<br>(Monterey County<br>Super. Ct. No. SS131278A) |

Defendant James Connors was on probation for a sex offender registration violation. One of the conditions of his probation barred him from associating with probationers. He associated with a probationer, and the court found him in violation of his probation. It revoked and reinstated his probation with additional conditions, including one barring him from possessing sexually explicit materials.

On appeal, defendant claims that (1) his association with a probationer could not reasonably be found to be a violation of his probation because the probationer was his new girlfriend, and (2) the sexually explicit materials probation condition was unreasonable and unconstitutionally vague and overbroad, and it needed a knowledge requirement. We conclude that defendant forfeited his reasonableness challenge to the association condition by failing to object to that condition on reasonableness grounds when it was imposed. With respect to the sexually explicit materials condition, we modify this condition to require that defendant be made aware of what items fall within its scope.

## I. Background

Defendant was convicted of sexual battery (Pen. Code, § 243.4) in 1992 and was thereafter required to register as a sex offender under Penal Code section 290.[1] In August 2013, defendant pleaded no contest to a sex offender registration violation (§ 290.013) in exchange for felony probation. Although he was presumptively ineligible for probation, the court found that there were "unusual circumstances," suspended imposition of sentence, and granted him probation in September 2013.[2] Defendant's probation conditions included these three: "[N]ot traffic in, or associate with persons known to you to use or traffic in controlled substances." "Permit the search of your person, car, personal effects, or place of residence, night or day, without the necessity of a search warrant at the direction of the probation officer or any peace officer." "Not associate with any individuals you know, have reason to know, or are told by the probation officer are illegal drug users, or who are on any form of probation, mandatory supervision, post release community supervision, or parole supervision." Defendant accepted probation with these conditions without objection.

Nine days after he was placed on probation, he and his attorney returned to court requesting a modification of the probation condition forbidding association with probationers. "I was simply asking to modify the condition of probation that he [is] not to have contact with anybody on parole or probation to allow him contact with his wife.

---

[1]    Subsequent statutory references are to the Penal Code unless otherwise specified.

[2]    Defendant's adult criminal convictions began in 1987. By 1990, he had been convicted of aggravated assault (§ 245, subd. (a)(1)), battery (§ 242), and theft (§§ 484, 488). He was sent to state prison in 1992 for the sexual battery conviction and repeatedly violated his parole. Defendant continued to incur criminal convictions after his release from prison, including convictions for assault (§ 240), a sex offender registration violation (former § 290, subd. (a)(1)(A)), forgery (§ 476), resisting arrest (§ 148, subd. (a)(1)), and evading an officer (Veh. Code, § 2800.2).

His wife is currently on probation, and she's incarcerated on a DUI and an 11550 under the influence charge. Her name is Jennifer Chapman." The court granted the request. Defendant's probation conditions were modified to provide: "Defendant may have contact with his wife, Jennifer Chapman, who is in-custody and on a grant of probation."

In April 2015, defendant was arrested by his probation officer for violating his probation, and the probation department filed a petition alleging that defendant had violated his probation by "[a]ssociating with drugs users and probationers." The petition alleged that, on March 26, 2015, defendant's probation officer had directed defendant not to associate with Sheryl Anne Rhodes, who was a probationer with a lengthy history of drug and alcohol arrests and convictions. It further alleged that on April 8, defendant's probation officer found defendant associating with Rhodes again. Defendant's probation was summarily revoked on April 10.

The probation officer testified at the April 17, 2015 probation violation hearing. He had been supervising defendant since June 2014. On March 13, 2015, he made contact with defendant. He asked defendant if he could look at defendant's cell phone, and defendant gave him the phone. The probation officer looked at the phone and found "some recent internet searches that contained sexually explicit materials or pornography." Some of these materials "pertained to some time [*sic*] type of sexual assault on women, violent sexual assault on women." One item was a "news clipping regarding rape." There were also videos of "full blown sexual intercourse." The probation officer was concerned about this material. He told defendant that these materials were not "a good thing" and "directed" defendant to "refrain from watching or downloading porn materials . . . ."

On March 26, 2015, the probation officer saw defendant with Rhodes. The probation officer determined that Rhodes was on probation, and he "reminded" defendant that his probation conditions required that he was "not to associate" with anyone on probation. "I told him not to associate with Ms. Rhodes any more considering the fact

3

that she's still on active summary probation." Defendant told the probation officer that "he's going to comply." On April 8, the probation officer saw defendant again in the company of Rhodes. Defendant and Rhodes "were lying alongside to each other" in a grassy area. The probation officer contacted defendant and told him that he was in violation of his probation condition. Defendant said that Rhodes "just got there just before we pulled up." He also told the probation officer that Rhodes was his girlfriend. The probation officer arrested defendant for the probation violation.

Defendant testified at the hearing that he met Rhodes on February 26, 2015. Between the March 26 and April 8 incidents, he contacted the public defender's office about having his probation modified to permit contact with Rhodes, but he was unable to file a "modification form" because "my health started getting worser." He testified that he and Rhodes "cut our ties loose" between March 26 and April 8, and their contact on April 8 arose from a chance encounter on the street. Defendant admitted that he knew that he was not permitted to associate with Rhodes but despite that chose to do so on April 8.

Defendant's attorney argued that the court should not find a probation violation. "I'm not challenging the term as written in 2013, but as applied to my client on March 26 and April 8 of this year it would be unconstitutionally overbroad to prohibit him from intimate association with his fiancee." "[M]y argument is that it is not constitutional to prohibit that type of association." The court was unpersuaded. "So what you want to carve out is an exception for anybody he wants to date or anybody who may become a fiancee. Because at the time he first met her she wasn't his fiancee so he was in violation at that time. So you're suggesting that this Court carve out an exception for any time he wants to date somebody, may date somebody, may enter into a relationship." The court found defendant had violated his probation. "The defendant at one time sought to modify that probation condition and successfully modify that to exclude a particular individual.

4

He chose to ignore the process when he got involved with someone else and was warned and given a break by the probation officer."

The prosecution and the defense agreed that defendant should be reinstated on probation. The defense opposed the probation department's request for the imposition of numerous additional probation conditions. "He doesn't need a prohibition on possession of sexually explicit materials. These were lawful materials. He's allowed to have them and he's allowed to live a normal life with some dignity." Defendant's trial counsel also asked the court to "carve out an exemption so that this man can be together with his future wife." He asked the court to impose "no additional time": "145 [days] with credited 145 is sufficient."

The court reinstated probation on the original conditions with several modifications. First, the court modified the association condition to permit defendant to associate with Rhodes and to provide that "[t]here are no other exclusions." Second, the court imposed 145 days in jail with credit for 145 days served. Third, the court added three new probation conditions. "[Y]ou're not to possess any sexually explicit materials for the purposes of arousing prurient interest based upon the evidence presented here. [¶] Any computer or electronic storage device in your custody, possession or control shall be subject to a forensic computer search. Any computer, electronic data storage device to which you have shared partial or limited access shall also be subject to a forensic computer search. [¶] You shall provide all encryption keys or passwords to the Probation Department for any computers or electronic data storage devices to which you have shared, partial or limited access or any access to [*sic*]."[3] Defendant timely filed a notice of appeal from the court's order.[4]

---

[3]     The clerk's minutes record the new "sexually explicit materials" probation condition differently: "Not possess sexually explicit materials or matter, *which depicts youth* for the purposes of arousing prurient interest." (Italics added.) The parties do not

(*Continued*)

## II.  Discussion

### A.  Probation Violation

Defendant contends that the court abused its discretion in finding a probation violation.  He claims that the condition he violated "was unreasonable under the circumstances of the case" because it did not allow him "contact with a woman with whom he was in an intimate relationship."  He presents his challenge as one to the reasonableness of the probation condition "as applied."

Defendant maintains that "a defendant may argue successfully at a violation of probation hearing that a condition is unreasonable."  He cites two cases in support of his claim that he did not forfeit this challenge by failing to raise it when the condition was imposed.

The first of these two cases, *People v. Dominguez* (1967) 256 Cal.App.2d 623 (*Dominguez*), was a challenge to an order revoking probation and a judgment imposing a prison sentence.  (*Id.* at p. 624.)  The defendant had been placed on probation with a condition requiring her not to become pregnant if she was not married.  (*Id.* at p. 625.)  A year and a half later, she became pregnant while unmarried.  (*Id.* at p. 626.)  The court found her in violation of the no-unmarried-pregnancy probation condition, revoked her probation, and sent her to prison.  (*Ibid.*)  She challenged the order and judgment.  The Second District Court of Appeal evaluated the condition under what later came to be

---

address this discrepancy, and we presume that the court's oral pronouncement of the new probation condition prevails over the clerk's conflicting recordation of it.  (See *People v. Mesa* (1975) 14 Cal.3d 466, 471 [discrepancy between oral pronouncement and clerk's minutes is presumed to be the result of clerical error; oral pronouncement prevails].)

4      After defendant appealed, the probation department filed a petition alleging that he had violated the new "sexually explicit materials" condition.

known as the *Lent* standard[5] and found it to be "void." (*Id.* at pp. 627-628.) The court summarily concluded that the defendant "did not waive the right to urge the invalidity of the condition of probation by accepting the benefit of probation." (*Id.* at p. 629.)

The second case that defendant relies on is the Fifth District Court of Appeal's decision in *People v. Hackler* (1993) 13 Cal.App.4th 1049 (*Hackler*). The defendant in *Hackler* was convicted of stealing beer and was placed on probation with a condition requiring him to wear "a court-supplied T-shirt" stating, among other things, that he was on felony probation for theft. (*Id.* at p. 1052.) A petition was subsequently filed alleging that he had violated his probation by committing two burglaries. (*Ibid.*) At the probation violation hearing, the court sua sponte asserted that the defendant had violated the T-shirt condition. (*Id.* at p. 1053.) It thereafter found him in violation of probation both for a burglary offense and for violating the T-shirt condition, and it sentenced him to prison. (*Ibid.*) The defendant appealed from the revocation of his probation and the judgment sending him to prison. (*Ibid.*) He challenged the validity of the T-shirt condition on the grounds that it was vague, overbroad, and unreasonable. (*Ibid.*)

The Attorney General contended that the defendant had forfeited the challenge "by failing to appeal from the order granting probation and by failing to assert the challenge at the probation revocation hearing." (*Hackler, supra*, 13 Cal.App.4th at p. 1053.) The Fifth District held that the issue had been preserved despite the fact that the defendant

---

[5]     In *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), the California Supreme Court adopted the reasonableness test that the Court of Appeal had applied in *Dominguez* as the standard for determining whether a condition of probation was a proper exercise of the court's statutory discretion. (*Lent*, at p. 486.) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' (*People v. Dominguez* (1967) 256 Cal.App.2d 623, 627.)" (*Lent*, at p. 486.) *Lent*, unlike *Dominguez*, was an appeal from an order imposing a probation condition. (*Lent*, at p. 487.)

had accepted probation with this condition and had not objected on these grounds at the revocation hearing. As the trial court had explicitly invited appellate review of the validity of the T-shirt condition, in the Fifth District's view, defendant was "relieved of any obligation to expressly preserve the issue himself." (*Id.* at p. 1054-1055.) Finally, the Fifth District noted that it was "not aware of any case squarely holding that the validity of probation conditions may be raised only by direct appeal upon the order granting probation." (*Id.* at p. 1056.) The court cited *Dominguez* and other cases, but it acknowledged: "None of those cases indicates that a claim of waiver was asserted, so they do not stand as direct authority on the waiver issue. Still, the sheer number of cases indicates an appellate court practice to reach the merits of challenges to probation conditions regardless of how the issue comes to the court. In the absence of clear authority to the contrary, we will follow that practice here." (*Id.* at p. 1057.)

"[C]lear authority to the contrary" was not long in coming. (*Hackler*, *supra*, 13 Cal.App.4th at p. 1057.) In May 1993, just a few months after the Fifth District's February 1993 decision in *Hackler*, the California Supreme Court held "that failure to timely challenge a probation condition on '*Bushman/Lent*'[6] grounds in the trial court waives the claim on appeal." (*People v. Welch* (1993) 5 Cal.4th 228, 237 (*Welch*).) In *Welch*, the defendant appealed from the imposition of probation and made a *Lent* challenge to a number of probation conditions that she had not challenged when they were imposed. (*Welch*, at p. 232.) The California Supreme Court held that she had forfeited her *Lent* challenge by not making it when the conditions were imposed. (*Welch*,

---

[6]     The opinion in *In re Bushman* (1970) 1 Cal.3d 767 (*Bushman*) purported to adopt the standard stated in *Dominguez*, but it misstated that standard by stating the test in the disjunctive rather than the conjunctive. (*Bushman*, at pp. 776-777.) The opinion in *Lent* disapproved *Bushman* and adopted the correct standard as stated in *Dominguez*. (*Lent*, *supra*, 15 Cal.3d at p. 486, fn. 1.)

at pp. 232-233, 235.) "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case." (*Id.* at p. 235.) The California Supreme Court acknowledged that "existing law overwhelmingly said no such objection was required," so it made its decision applicable only prospectively. (*Id.* at pp. 238.)

Subsequently, in *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*), the California Supreme Court considered whether the *Welch* waiver rule extended not only to *Lent* challenges to probation conditions but also to "facial" constitutional challenges based on vagueness or overbreadth. (*Sheena K.*, at pp. 883, 885.) The court decided to recognize a narrow exception to the *Welch* waiver rule for facial constitutional challenges on vagueness or overbreadth grounds that raise " ' ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' ' " (*Sheena K.*, at p. 889.) The *Sheena K.* court characterized *Hackler* as a case involving a "forfeited claim" where the Court of Appeal had "invoked [its] discretion to review an apparent constitutional issue when applicability of the forfeiture rule is uncertain or the defendant did not have a meaningful opportunity to object at trial." (*Sheena K.*, at p. 887, fn. 7.) The California Supreme Court noted that " 'discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue. [Citations.]' [Citation.]" (*Ibid.*)

The challenge that defendant raises in this appeal is expressly asserted as a *Lent* challenge, and is plainly not a facial constitutional challenge, to the association probation condition. Defendant did not object to this probation condition when it was imposed or at any other time before he violated it. His reliance on *Hackler* and *Dominguez* is misplaced as these cases preceded the California Supreme Court's decisions in *Welch* (adopting a prospective waiver rule) and in *Sheena K.* (explicitly characterizing *Hackler*—which relied on *Dominguez*—as a case in which the contention was forfeited).

The *Welch* waiver rule applies here, and we therefore deem forfeited defendant's challenge to this probation condition.

### B. Sexual Explicit Materials Condition

Defendant contends that the trial court abused its discretion by imposing a new condition of probation providing: "[Y]ou're not to possess any sexually explicit materials for the purposes of arousing prurient interest . . . ."

"'Trial courts have broad discretion to impose such reasonable probation conditions "as it may determine are fitting and proper to the end that justice may be done . . . and generally and specifically for the reformation and rehabilitation of the probationer . . . ."' [Citations.] 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' (*People v. Lent* (1975) 15 Cal.3d 481, 486.)" (*People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1176.) A court abuses its discretion under the *Lent* standard only "when its determination is arbitrary or capricious or '"exceeds the bounds of reason, all of the circumstances being considered."'" (*Welch*, *supra*, 5 Cal.4th at p. 234.)

Defendant claims that the sexually explicit materials probation condition was not related to his future criminality. In light of the fact that defendant had previously committed a sexually violent offense, the trial court could have reasonably concluded that permitting him to possess pornography would pose a risk of triggering him to commit another act of sexual violence. The trial court's determination that there was a potential connection between a convicted sex offender's possession of pornography and his potential for sexual violence was neither arbitrary nor capricious and was not beyond the bounds of reason.

Defendant also contends on appeal that this probation condition is unconstitutionally vague and overbroad and cannot be upheld without a knowledge requirement. His vagueness challenge is that he could not know what would fall within the condition's prohibition. His overbreadth challenge is that "sexual imagery is so ubiquitous in our culture that one can hardly avoid it." He claims that he would be unable to use the internet or read a magazine without violating the condition.

This court addressed similar issues in *People v. Pirali* (2013) 217 Cal.App.4th 1341 (*Pirali*). In *Pirali*, the trial court had imposed a probation condition requiring the defendant "'not to purchase or possess any pornographic or sexually explicit material.'" (*Id*. at p. 1353.) The defendant contended on appeal that the condition was unconstitutionally vague and needed a knowledge requirement. (*Id.* at p. 1352.) This court concluded that the condition was unconstitutionally vague in the absence of a knowledge requirement but was rendered constitutional by the addition of such a requirement. It modified the condition to apply to only those items that the defendant had "'been informed by the probation officer . . . are pornographic or sexually explicit.'" (*Id.* at p. 1353.)

The Attorney General concedes that the sexually explicit materials condition cannot be upheld without adding a knowledge requirement, and we agree that a modification like the one in *Pirali* is the appropriate remedy. This modification will eliminate any vagueness and overbreadth concerns regarding the condition because it will limit it to only those specific items identified by the probation officer for defendant.

## III. Disposition

The sexually explicit materials condition is modified to read: "[Y]ou're not to possess any sexually explicit materials that the probation officer identifies and informs you are sexually explicit for the purposes of arousing prurient interest." As modified, the order is affirmed.

11

_____

Mihara, J.

WE CONCUR:

_____

Elia, Acting P. J.

_____

Bamattre-Manoukian, J.

People v. Connors
H042385

12

Trial Court:                          Monterey County Superior Court

Trial Judge:                          Honorable Mark E. Hood

Attorney for Appellant:               Katherine Dwight
                                      Under Appointment by the Sixth District
                                      Appellate Program

Attorneys for Respondent:             Kamala D. Harris
                                      Attorney General of California

                                      Gerald A. Engler
                                      Chief Assistant Attorney General

                                      Jeffrey M. Laurence
                                      Senior Assistant Attorney General

                                      Catherine A. Rivlin
                                      Supervising Deputy Attorney General

                                      Allan Yannow
                                      Deputy Attorney General

People v. Connors
H042385