Filed 5/6/22  P. v. Sanders CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| THE PEOPLE, | C092234 |
| Plaintiff and Respondent, | (Super. Ct. No. F19304) |
| v. | |
| NATHANIEL KHALID SANDERS, JR., | |
| Defendant and Appellant. | |

Defendant Nathaniel Khalid Sanders, Jr., pleaded no contest to dissuading a witness by force and sexual battery.  The trial court granted him formal probation for four years.  Defendant argues the trial court erred in failing to conduct a *Marsden*[1] hearing when he sought to withdraw his plea.  He also objects to the condition of his probation prohibiting him from possessing pornography.  He further argues the trial court failed to recite each of the fines and fees it imposed on defendant on the record.  We will affirm the judgment and uphold the probation condition with a modification.  We agree with the

---

[1]  *People v. Marsden* (1970) 2 Cal.3d 118.

1

Attorney General's concession the failure of the trial court to state the fines and fees on the record requires remand of the case.

While this appeal was pending, the Legislature enacted Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 328) (Assem. Bill No. 1950), which amended Penal Code section 1203a[2] to provide the maximum probationary period for felonies is two years. The issue is not briefed by the parties. In the interest of judicial economy, we address the issue without requesting further briefing and remand the matter to the trial court to reduce defendant's probation to two years.

## FACTUAL AND PROCEDURAL BACKGROUND

Alturas police responded to a local motel based on a report of domestic violence. When they arrived, they saw defendant yelling and throwing a cell phone to the ground.

They saw the victim sobbing and she approached the officers. She told them she had been dating defendant for several months. The victim told officers while the two were in bed and the victim was trying to go to sleep, defendant repeatedly asked to have sex with her. When she said no, he touched her breasts. She moved his hand away. Then, he asked to put his penis inside of her, and she said no several times. Despite this, defendant put his penis inside her vagina and ejaculated inside of her. After the victim went to the bathroom, defendant began to physically fight her, pushed her onto the bed and choked her. The victim tried to get her cell phone and go back into the bathroom, but defendant punched the door, causing it to crush her hand. Defendant took the victim's cell phone and threw it out the window of the room. When she went outside to get it, defendant followed her and threw it again as the police arrived.

The victim's hand was swollen and red, and there was swelling and discoloration around her neck. The front window of their hotel room was shattered.

_____

[2] Undesignated statutory references are to the Penal Code.

Defendant told the officers his sexual conduct with the victim was consensual. Defendant and the victim went to bed together and fell asleep. When he woke up, he started to kiss the victim, she grabbed his penis, and they had intercourse. Initially, defendant claimed he never heard the victim say "no" or indicate in any way she did not want to have sex with him. Subsequently, he admitted he might have been so aroused, he did not hear her say "no." Later, he admitted he heard her say "no," but thought that meant no to anal sex.

The information charged defendant with two counts of forcible rape (§ 261, subd. (a)(2))[3]; domestic violence (§ 273.5, subd. (a)); dissuading a witness by force or threat (§ 136.1, subd. (c)(1)); assault (§ 245, subd. (a)(4)); interference with a wireless communication device (§ 591.5); and child endangerment (§ 273a, subd. (b)). On the prosecution's motion, the trial court added a count for sexual battery (§ 243.4, subd. (a)). Defendant pleaded no contest to felony dissuading a witness and misdemeanor sexual battery with a *Harvey*[4] waiver.

After the plea was entered but before sentencing, defendant's counsel filed a "Request to Place Matter on Calendar." The request informed the trial court that defendant wished to bring a motion to withdraw his plea and counsel was unable to represent him because there was an inherent conflict of interest. The court denied the

---

[3] The information charged that defendant forcibly raped the victim between July 1 and July 18, 2019, and committed a second forcible rape on July 20, 2019. The second date is the date the officers responded to the domestic violence call previously recited. The facts of the first rape allegations are reflected in the preliminary hearing testimony where the victim told the investigating officer defendant had intercourse with her without consent during the prior two weeks. The parties, in their briefs, and the probation report, however, only recited the facts related to the second charge. Given that defendant's plea and the probation report arise only out of the events of July 20, 2019, we decline to recite the facts related to the first charge.

[4] *People v. Harvey* (1979) 25 Cal.3d 754.

request because there was insufficient information given in the written document as to the basis for the motion or new counsel.

Despite the trial court's denial, the application came on for a hearing and the following colloquy ensued:

"THE COURT:  The Sanders matter.  Here's why—here's what happened, I didn't remember this.  What I wrote—I guess they didn't give you this.

"[Defense Counsel]:  Nope.

"THE COURT:  Request denied.  Insufficient information given as basis for motion or for new counsel.

"[Defense Counsel]:  What did I say?

"THE COURT:  You said that he wanted to file a motion for a new trial, withdraw his plea or something or—withdraw the plea.

"[Defense Counsel]:  And I said that I had an inherent conflict.

"THE COURT:  Yeah, why would that be?

"[Defense Counsel]:  Well, because one of the grounds to withdraw a plea is ineffective assistance.

"THE COURT:  Well, has he said—

"[Defense Counsel]:  It could be a theory.

"THE COURT:  Has he said that's the ground?

"[Defense Counsel]:  I am going to have to claim the privilege and not tell you exactly what he told me.

"THE COURT: So he's given you a reason.

"[Defense Counsel]:  But he's given me a reason, and I don't believe I can represent him on—

"THE COURT:  Well, that wasn't spelled out in here, and I wasn't going to just make assumptions.  So that answers the question.  And that's why it wasn't on the calendar."

4

The trial court then appointed independent counsel to evaluate defendant's request to withdraw his plea. When the parties returned to court, independent counsel stated he did not see a basis to withdraw the plea. Counsel stated on the record the reasons defendant wanted to withdraw his plea was defendant's claim he did not understand the nature of his acts when he entered his plea, defendant was under stress, and had family issues. Separately, defendant confirmed the reasons he wanted to withdraw his plea was his depression and anxiety, as well as the stress he felt in jail and the hospitalization of his grandmother.

The trial court placed defendant on formal probation for four years. At sentencing, the trial court asked defendant, "And do you wish me to read all of those conditions on the record at this time or are you satisfied just to have them in writing." Defendant said he was satisfied to have the terms in writing.

One of the terms of the probation order is defendant must pay fines and fees in the amount of $2,965. The probation report reflects the same total amount, breaks the various fines and fees out by amount, and purports to assign statutory authority to each fee. Another term of the probation order states defendant shall not possess pornographic materials of any kind. During sentencing, defense counsel did not object to this probation condition, or the fines imposed.

## DISCUSSION

Defendant argues the trial court erred when it failed to hold a *Marsden* hearing when his counsel told the trial court defendant wished to bring a motion to withdraw his plea. Defendant next argues the condition of probation prohibiting him from possessing pornography is unreasonable and unconstitutionally vague and overbroad. Finally, he contends the trial court erred when it failed to impose the fines and fees on the record.

5

*I*

*Marsden*

Defendant argues the trial court should have held a *Marsden* hearing once his counsel broached the subject of defendant's desire to withdraw his plea and counsel's declaration of a conflict of interest. We disagree.

In *Marsden*, our Supreme Court held when a defendant requests new counsel based on counsel's perceived deficiencies, the court must allow the defendant to fully explain the basis for the request, including all specific examples, so the court can determine whether the defendant is receiving effective assistance of counsel. (*People v. Marsden, supra*, 2 Cal.3d at pp. 123-126.)

Defendant cites *People v. Eastman* (2007) 146 Cal.App.4th 688 in support of his argument the trial court was required to grant him a hearing to inquire into his desire for new counsel. There, the defendant submitted a letter to the court asserting his counsel had failed to adequately represent his interests. (*Id.* at p. 691.) The letter asked the court to give him an opportunity to articulate his issues and accused his counsel of conspiring with the district attorney to threaten and intimidate witnesses and to persuade him to accept the plea bargain. (*Ibid.*) On those facts, the appellate court concluded the trial court's failure to hold a hearing and examine the defendant's complaints was an error. (*Id.* at pp. 695-696.)

Our Supreme Court, however, rejected *Eastman* to the extent it "incorrectly implied that a *Marsden* motion can be triggered with something less than a clear indication by a defendant, either personally or through current counsel, that the defendant 'wants a substitute attorney.' " (*People v. Sanchez* (2011) 53 Cal.4th 80, 90, fn. 3.) Instead, the *Sanchez* court held "a trial court is obligated to conduct a *Marsden* hearing on whether to discharge counsel for all purposes and appoint new counsel when a criminal defendant indicates after conviction a desire to withdraw his plea on the ground that his current counsel provided ineffective assistance only when there is 'at least some

6

clear indication by defendant,' either personally or through his current counsel, that defendant 'wants a substitute attorney.' " (*Id.* at pp. 89-90.)

Here, defendant never indicated he wanted substitute counsel, nor did he assert the reason he wished to withdraw his plea was because his counsel was ineffective. Rather, he informed the trial court he wanted to withdraw his plea based on his own mental state and stress he was experiencing. When his existing counsel suggested there might be a conflict of interest (but could not explain why due to the attorney-client privilege), the trial court-appointed independent counsel to examine the question. Independent counsel reviewed the facts and the record and represented to the court there was no basis for the motion to withdraw the plea. Importantly, counsel stated on the record the reason defendant wanted to withdraw his plea was defendant's claim he lacked competence and was under stress. Separately, defendant confirmed these reasons. Neither independent counsel, nor defendant, gave the court any reason to believe defendant wanted a new attorney.

Defense counsel's statement that ineffective assistance of counsel is "a basis" for a motion to withdraw, in light of his refusal to state what defendant told him due to the attorney-client privilege, was not sufficient to clearly establish defendant wanted new counsel. Without that predicate, the trial court did not err.

*II*

*Probation Conditions*

Defendant next argues the probation condition prohibiting him from possessing pornography is unreasonable and constitutionally overbroad and vague.[5] We reject these contentions.

---

[5] Defendant's failure to object to this probation condition waives the reasonableness claim but does not bar his facial attack on the constitutionality of the condition. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1347.) Given defendant's claim his

"A sentencing court has broad discretion to fashion appropriate conditions of probation that facilitate rehabilitation and foster public safety. [Citation.] We review the conditions imposed for abuse of discretion. [Citation.]" (*People v. Cruz* (2020) 54 Cal.App.5th 707, 711.) As instructed by our Supreme Court, "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent* (1975) 15 Cal.3d 481, 486.) "A court abuses its discretion under the *Lent* standard only 'when its determination is arbitrary or capricious or " 'exceeds the bounds of reason, all of the circumstances being considered.' " ' [Citation.]" (*People v. Connors* (2016) 3 Cal.App.5th 729, 737.)

In *Connors,* defendant was convicted of sexual battery and later pleaded guilty to a sex offender registration violation. (*People v. Connors, supra*, 3 Cal.App.5th at p. 731.) In reinstating defendant's probation, the trial court imposed the condition barring defendant from possessing sexually explicit materials. (*Id.* at p. 734.) The appellate court upheld this condition and concluded the "trial court's determination that there was a potential connection between a convicted sex offender's possession of pornography and his potential for sexual violence was neither arbitrary nor capricious and was not beyond the bounds of reason." (*Id.* at p. 737.) Similarly, in *People v. Turner* (2007) 155 Cal.App.4th 1432, 1437, the appellate court held, "[p]reventing the possession of

---

attorney was ineffective because he failed to object, we exercise our discretion to examine the reasonableness of the condition as well. (See, e.g., *In re Victor L.* (2010) 182 Cal.App.4th 902, 928 [addressing the merits of a forfeited challenge to a probation condition to avoid the need to analyze the defendant's alternative ineffective assistance of counsel claim].)

8

sexually oriented materials by persons [convicted of sexual offenses] promotes public safety and his rehabilitation . . . ."

Here, defendant committed sexually violent crimes. He pleaded no contest to sexual battery, with a *Harvey* waiver. "A *Harvey* waiver permits the sentencing court to consider the facts underlying dismissed counts and enhancements when determining the appropriate disposition for the offense or offenses of which the defendant stands convicted. (Citation omitted.)" (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.) The other facts the trial court was entitled to consider were that defendant choked the victim, caused a door to slam on her hand, and committed two counts of forcible rape during the same incident. Under these circumstances, we conclude the trial court's imposition of a ban on his possession of pornography was not arbitrary, capricious, nor beyond the bounds of reason.

Defendant argues this condition is unconstitutionally vague due to the ambiguity inherent in the term "pornography." This vagueness concern was addressed and resolved in *People v. Pirali, supra*, 217 Cal.App.4th 1341. In that case, the trial court imposed a probation condition requiring the defendant "not to purchase or possess any pornographic or sexually explicit material as defined by the probation officer." (*Id.* at p. 1344.) On appeal, defendant argued the condition was unconstitutionally overbroad and vague. (*Id.* at p. 1352.) The appellate court stated, "a probation condition ' "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' [Citation.]" (*Ibid.*) The *Pirali* court concluded the probation condition did not sufficiently provide the defendant with advance knowledge of what was required of him. (*Ibid.*) As a result, it modified the condition to apply to only those items the defendant had "been informed by the probation officer . . . [were] pornographic or sexually explicit." (*Id.* at p. 1353.) The Attorney General concedes this is an appropriate remedy here. We therefore, impose the same limitation on the possession of pornography. The condition shall be modified to apply

9

only to those items defendant has been informed by his probation officer are pornographic.[6]

Defendant next argues this condition is constitutionally overbroad because it infringes his constitutional right to privacy. We disagree. "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) In *Turner,* the appellate court applied this rule to a probation condition barring the defendant from possessing pornography. (*People v. Turner, supra*, 155 Cal.App.4th at p. 1473.) There, the defendant was convicted of exposing himself to a three-year-old girl and had prior convictions for indecent exposure and possession of child pornography. (*Ibid.*) In rejecting this overbreadth argument, the appellate court concluded a probation condition barring the defendant from possessing sexually-oriented materials promoted safety and his rehabilitation and therefore was not constitutionally overbroad. (*Ibid.*)

Here, defendant pleaded no contest to sexual battery. Defendant's other criminal acts include acts of sexual violence. Much like the *Turner* court concluded, we conclude the ban on defendant's possession of pornography identified to him by his probation officer appropriately promotes safety and his rehabilitation. Thus, it is therefore not constitutionally overbroad.

---

[6] We note in *In re D.H.* (2016) 4 Cal.App.5th 722, 729, the appellate court concluded the term "pornography" in a probation condition was inherently vague and rather than modify the condition, instead remanded the case to the trial court to refashion the probationary condition more precisely. In the context of the current case, we believe the remedy offered by *Pirali* renders this term sufficiently concrete to provide defendant with sufficient navigational buoys to keep him out of the dangerous waters of the prohibited conduct.

*III.*

*Fines and Fees*

Defendant challenges the trial court's imposition of fines and fees because the trial court did not specify the amount of each fine or the statutory basis for it on the record, but instead issued a lump sum written order with no detail. The Attorney General agrees remand is proper. We agree.

Here, the trial court did not orally impose any specific fines or fees or even the total sum on the record. Instead, it referred defendant to the written probation order. Even in the order, the trial court-imposed fines and fees in the lump sum total of $2,965 without any description as to how the trial court derived the total. While the record includes the probation report which contains a detailed description of the fines and fees ordered, that list was not made part of the probation order.

The trial court was required to set forth the fines and fees orally and with particularity during the pronouncement of the sentence. "The oral imposition of sentence constitutes the judgment in an action, and the minutes cannot add anything substantive to the oral pronouncement. [Citations.] Generally, the oral pronouncement controls if there is a discrepancy, and the court clerk lacks the authority to add fines or fees not imposed by the trial court. [Citation.]" (*People v. Bongani El* (2021) 65 Cal.App.5th 963, 967.) Where the court fails to comply with this requirement, the remedy is to remand the matter to the trial court to "delineate any fines and fees imposed, and their statutory bases." (*Ibid.*) We remand the case for further proceedings on this issue.

*IV*

*Assembly Bill No. 1950*

While this appeal was pending, Assem. Bill No. 1950 went into effect. With some exceptions, not applicable here, the bill changed the permissible length of probation under section 1203.1 for felony cases to a maximum of two years.

11

Because the new law mitigates punishment and there is no savings clause, it operates retroactively. (See *In re Estrada* (1965) 63 Cal.2d 740, 748; *People v. Sims* (2021) 59 Cal.App.5th 943, 964 [finding Assem. Bill No. 1950 is "an ameliorative change . . . that is subject to the *Estrada* presumption of retroactivity. The Legislature did not include a savings clause or other clear indication that the two-year limitation applies on a prospective-only basis"]; *People v. Lord* (2021) 64 Cal.App.5th 241, 245-246.) Assem. Bill No. 1950, therefore, applies to defendant because his case is not yet final, and his probation term exceeds the now maximum two-year term permissible under section 1203.1.

We are unaware on this record whether defendant is abiding by the terms of his probation, whether revocation proceedings are pending, or whether certain probationary terms might need adjustment in light of the newly imposed two-year limit. Moreover, by the time our decision in this matter is final, defendant will be passed the two-year mark, and thus a simple modification may leave outstanding issues unaddressed prior to the termination of his probation. We will remand the matter to the trial court to reduce the term of probation and determine whether defendant has successfully complied with the conditions of probation before the end of the term. (See *People v. Lord, supra*, 64 Cal.App.5th at pp. 245-246.)

12

## DISPOSITION

The probation condition barring defendant's possession of pornography is modified to read: "Defendant shall not possess pornographic materials he has previously been informed by the probation officer are pornographic." The case is remanded to the trial court to reduce the probation term to two years and to orally pronounce any fines and fees imposed. In all other respects, the judgment is affirmed.

_____\s\_____,
BLEASE, Acting P. J.

We concur:

_____\s\_____,
HULL, J.

_____\s\_____,
MAURO, J.