Filed 10/11/23  P. v. Bragg CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C098090 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR-003093) |
| v. | |
| JORDAN RAYMOND BRAGG, | |
| Defendant and Appellant. | |

The Department of Corrections and Rehabilitation (CDCR), Division of Adult Parole Operations (the Division), filed a petition to revoke defendant Jordan Raymond Bragg's parole alleging he violated special condition No. 31 of his parole, which addressed access to pornographic materials.  The trial court overruled defendant's demurrer, denied his motion to dismiss the petition on vagueness grounds, found him in violation of his parole, and remanded him to the custody of CDCR and the Board of Parole Hearings.

1

On appeal, defendant asserts the trial court erred in (1) denying his motion to dismiss the petition because special condition No. 31 is unconstitutionally vague, and (2) overruling his demurrer. The People concede special condition No. 31 is unconstitutionally vague and agree the order revoking defendant's parole should be reversed. We also agree. We will reverse and remand for further proceedings. In light of our determination, we need not address defendant's second contention concerning his demurrer.

## BACKGROUND

In 2013, defendant was convicted of continuous sexual abuse of a child. (Pen. Code, § 288.5.) The trial court sentenced defendant to a term of six years in prison. Defendant was released to parole supervision in 2018 for a parole period of 20 years six months.

On December 23, 2022, the Division filed a petition to revoke defendant's parole. The Division alleged defendant violated special condition No. 31. That condition read: "You shall not view, possess, or have access to any sexually oriented or sexually stimulating objects, articles, magazines and/or devices, or pornographic material in any format, including electronic communication devices (e.g., movies, photographs, drawings, literature, websites, texts, etc.)."

According to the Division, on December 20, 2022, defendant met with his parole agent. Defendant's parole agent searched defendant's cell phone and found a "search history of various sexual images and materials depicting sex and nudity." The agent also found photographs from a chat between defendant and a woman that included nude photographs of defendant. Defendant was arrested and transported to jail.

Defendant filed a demurrer based on grounds we need not detail here. The trial court overruled the demurrer.

Defendant then filed a brief asserting special condition No. 31 was unconstitutionally vague and moving for the petition to be dismissed. The trial court

denied defendant's motion, concluding special condition No. 31 was not unconstitutionally vague.

At the violation of parole hearing, when asked by defense counsel if defendant might violate special condition No. 31 by watching the halftime show of a particular sporting event, the parole agent responded, "[i]f he was watching it and they were showing nudity or something that was sexual material in that sense, but no. I mean–." When asked whether defendant was allowed to watch "anything that's on TV," the parole agent testified, "[h]e's not allowed to watch things for sexual–his own personal sexual, like–I don't know how to explain it." Defendant's parole agent could not remember whether he ever had any conversations with defendant about the parameters of special condition No. 31.

The trial court found defendant violated his parole, revoked parole, and remanded defendant to CDCR and the Board of Parole Hearings.

## DISCUSSION

Defendant asserts the trial court erred in denying his motion to dismiss the petition on the ground that special condition No. 31 is unconstitutionally vague.

The People acknowledge special condition No. 31 lacks a knowledge element, agree the order revoking defendant's parole should be reversed, and assert the matter should be remanded for the modification of special condition No. 31.

We agree with the parties that special condition No. 31 is unconstitutionally vague. We shall reverse and remand for further proceedings.

" ' "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " ' " (*In re D.H.* (2016) 4 Cal.App.5th 722, 727.)

3

The vagueness doctrine bars enforcement of a law " ' "which either forbids or requires the doing of an act in terms so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.] In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Ibid.*) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) We review vagueness challenges de novo. (*People v. Navarro* (2016) 244 Cal.App.4th 1294, 1301.)

In *People v. Connors* (2016) 3 Cal.App.5th 729 (*Connors*), on which defendant relies, the defendant's probation conditions included a condition that read, in part, " '[Y]ou're not to possess any sexually explicit materials for the purposes of arousing prurient interest based upon the evidence presented here.' " (*Id.* at p. 734.) On appeal, addressing the defendant's vagueness and overbreadth challenges, the reviewing court stated: "This court addressed similar issues in *People v. Pirali* (2013) 217 Cal.App.4th 1341 (*Pirali*). In *Pirali*, the trial court had imposed a probation condition requiring the defendant ' "not to purchase or possess any pornographic or sexually explicit material." ' [Citation.] The defendant contended on appeal that the condition was unconstitutionally vague and needed a knowledge requirement. [Citation.] This court concluded that the condition was unconstitutionally vague in the absence of a knowledge requirement but was rendered constitutional by the addition of such a requirement. It modified the

4

condition to apply to only those items that the defendant had ' "been informed by the probation officer . . . are pornographic or sexually explicit." ' [Citation.] [¶] The Attorney General concedes that the sexually explicit materials condition cannot be upheld without adding a knowledge requirement, and we agree that a modification like the one in *Pirali* is the appropriate remedy. This modification will eliminate any vagueness and overbreadth concerns regarding the condition because it will limit it to only those specific items identified by the probation officer for defendant." (*Id*. at p. 738.) Thus, the court in *Connors* modified the condition to read: " '[Y]ou're not to possess any sexually explicit materials *that the probation officer identifies and informs you are sexually explicit for the purposes of arousing prurient interest*.' " (*Ibid*., italics added; see also *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436, 1437 [probation condition did not pass constitutional muster because the phrase " 'sexually stimulating/oriented material deemed inappropriate by the probation officer' " is an inherently imprecise and subjective standard; modified to include language specifying "sexually stimulating/oriented material *having been informed by the probation officer that such material is inappropriate*" (italics added)].)

Like the conditions in *Connors* and *Pirali*, special condition No. 31 here lacks a knowledge requirement. It provides: "You shall not view, possess, or have access to any sexually oriented or sexually stimulating objects, articles, magazines and/or devices, or pornographic material in any format, including electronic communication devices (e.g., movies, photographs, drawings, literature, websites, texts, etc.)." There is no requirement defendant must know or must have been informed the subject material is "sexually oriented" or otherwise violates the condition. Thus, as in *Pirali* and *Connors*, we conclude that, in the absence of a knowledge requirement, special condition No. 31 is unconstitutionally vague. (*Connors, supra*, 3 Cal.App.5th at p. 738; *People v. Pirali, supra*, 217 Cal.App.4th at pp. 1352-1353.)

5

The People identify a different line of cases that hold the use of the term "pornography" renders a condition unconstitutionally vague even if the condition includes a knowledge requirement.  In *In re D.H., supra*, 4 Cal.App.5th 722, the court agreed a no-pornography condition was unconstitutionally vague but disagreed that adding a knowledge requirement alone would remedy the problem.  (*Id*. at p. 727.)  The court agreed with several federal courts that had concluded the term "pornography" is inherently vague.  (*Id*. at p. 728.)  The court distinguished this concern with that at issue in *Pirali* and *Turner*, noting that at issue in those cases was the "lack of notice created by leaving the prohibited category's definition to the probation officer," not the inherent vagueness of a term such as "pornography."  (*Id*. at pp. 728-729.)  Thus, a condition prohibiting exposure to pornography "cannot be made sufficiently precise by modifying it to prohibit accessing materials that the probationer knows are pornographic because the term itself is subjective and subject to different interpretations."  (*Id*. at p. 729.)  Therefore, the court remanded for the juvenile court "to define more precisely the material the court intends to prohibit" in the no-pornography condition.  (*Ibid*.; see also *People v. Gruis* (2023) 94 Cal.App.5th 19, 29 [remanding with directions to either strike or modify the unconstitutionally vague no-pornography condition].)

We agree with the conclusion in *In re D.H.* that the term "pornography" is inherently vague and subjective.  The record of the parole revocation hearing here is demonstrative.  The parole officer acknowledged he did not "know how to explain" what was and what was not permitted under special condition No. 31.  His testimony that defendant could watch programming unless it showed nudity or "something that was sexual material in that sense" fared no better in clarifying the scope of the condition.  Thus, the special condition " ' "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application," ' " and thus lacks " ' "*reasonable* specificity." ' "  (*In re Sheena K., supra*, 40 Cal.4th at p. 890.)

6

We conclude special condition No. 31 is unconstitutionally vague. We will remand the matter to the trial court to add a knowledge requirement (see *Connors, supra*, 3 Cal.App.5th at p. 738), and define more precisely the "sexually oriented or sexually stimulating objects, articles, magazines and/or devices, or pornographic material" prohibited by that condition (see *In re D.H., supra*, 4 Cal.App.5th at pp. 727-729). On remand, of course, the parties may raise any challenges to the condition as it is to be modified.

In light of our determination, we need not address defendant's contentions concerning the overruling of his demurrer.

## DISPOSITION

The order denying defendant's motion to dismiss the parole revocation petition, finding defendant in violation of parole, revoking parole, and remanding defendant to the custody of CDCR and the Board of Parole hearings is reversed.  The trial court is directed to 1) grant the motion to dismiss, and 2) modify special condition No. 31 to add a knowledge requirement and define more precisely the "sexually oriented or sexually stimulating objects, articles, magazines and/or devices, or pornographic material" prohibited by that condition.

/s/_____,
WISEMAN, J.*

We concur:

/s/_____,
DUARTE, Acting P. J.

/s/_____,
RENNER, J.

---

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.