Filed 2/2/26  P. v. Ardis CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DERECK ARDIS,<br><br>        Defendant and Appellant. | A171923<br><br>(San Francisco City & County<br>Super. Ct. No. CRI-23019457) |

Dereck Ardis (appellant) appeals following his convictions for multiple offenses.  Appellant raises two challenges to his sentence.  We reject both challenges and affirm.

BACKGROUND

In July 2024, appellant was charged by amended information with 15 counts.  The information also alleged that appellant had been convicted in 1988 of kidnapping, a strike offense (Pen. Code, §§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1)).[1]

---

[1] All undesignated statutory references are to the Penal Code.  The underlying facts are not relevant to our resolution of the sentencing issues on appeal.

1

In August, a jury convicted appellant of four firearms counts as charged: felon in possession of a firearm (§ 29800); felon in possession of a loaded firearm (§ 25850, subd. (a)); felon in possession of a concealed firearm in a vehicle (§ 25400, subd. (a)(1)); and felon with a violent prior conviction in possession of a firearm (§ 29900). The jury also convicted appellant of two lesser included offenses: misdemeanor domestic violence battery (§ 243, subd. (e)(1)) and misdemeanor trespass into a dwelling (§ 602.5). The jury acquitted appellant on the remaining charges. In a bifurcated proceeding, the jury found true the prior strike allegation and two aggravating circumstances.

In September, the trial court sentenced appellant to the midterm of two years imprisonment on one of the firearms counts, doubled to four years by the strike. The court stayed the sentences on the remaining firearms counts pursuant to section 654. The court imposed a consecutive sentence of eight months in county jail on the misdemeanor domestic violence battery count, and a concurrent sentence of six months in jail on the misdemeanor trespass count.

## DISCUSSION

I.    *Romero Motion*

Appellant argues the trial court abused its discretion in denying his *Romero*[2] motion. We disagree.

A.    *Additional Background*

Appellant filed a *Romero* motion asking the trial court to strike his 1988 kidnapping conviction, arguing the conviction was remote in time, taking place "more than 36 years ago," and his current convictions were "non-

_____

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

2

serious and non-violent."  The People opposed, arguing that although the strike was remote in time, appellant "led a continuous life of crime after this conviction," identifying numerous felony convictions with prison terms between 1988 and 2001, including 2001 federal convictions for drug and weapons offenses resulting in a 240-month federal prison sentence.

The trial court denied appellant's motion, reasoning that, while appellant's strike conviction "is older, to wit, March of 1988, he has suffered at least six additional felony convictions and six additional prison terms since then," and "was on federal probation while he committed the present offense." The court concluded that "the whole subsequent history, including the events that gave rise to these convictions . . . showed an ongoing pattern [such] that the interest of justice did not warrant" granting the *Romero* motion.

B.     *Analysis*

"The Three Strikes law is intended to restrict courts' discretion in sentencing repeat offenders.  [Citation.]  Section 1385, subdivision (a) allows the court to dismiss an action in the 'furtherance of justice,' and in *Romero* the court held the statute gives a court discretion to strike prior conviction allegations in cases brought under the Three Strikes law.  [Citation.] [¶] In ruling on whether to strike a prior conviction allegation, 'the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*People v. Leavel* (2012) 203 Cal.App.4th 823, 836–837 (*Leavel*).)

3

"The court's ruling on a motion to strike is subject to a deferential abuse of discretion standard of review." (*Leavel, supra*, 203 Cal.App.4th at p. 837.) "[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) "Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Ibid.*)

Appellant does not present such an extraordinary case. He argues that the remoteness of the prior strike and his youthful age at the time he was convicted of the strike (18 years old) weigh in favor of striking the prior conviction allegation. He also argues that his most recent conviction before the instant offense was in 2001. That another bench officer might have reached a different ruling on appellant's *Romero* motion is immaterial. None of the factors identified by appellant render the trial court's ruling an abuse of discretion. (See *People v. Mendoza* (2022) 74 Cal.App.5th 843, 861 (*Mendoza*) [trial court did not abuse discretion in denying motion to strike conviction committed 30 years earlier when the defendant was 19 years old].)

Appellant relies on *People v. Avila* (2020) 57 Cal.App.5th 1134, in which the Court of Appeal held the trial court abused its discretion in denying the defendant's *Romero* motion. (*Avila*, at pp. 1140–1145.) *Avila* is

distinguishable. Although the strikes in that case were remote in time (28 and 26 years prior to the offense) and committed when the defendant was youthful (18 and 20 years old), several other considerations not present here factored into the Court of Appeal's decision: the trial court "mistakenly believed that it could not consider" the defendant's youth at the time of the strikes as a mitigating factor; the trial court based its ruling in part on improper and unsupported speculation about the crime at issue on appeal; and the sentence imposed (25 years to life plus a determinate term of 14 years) "means [the defendant] will likely die in prison." (*Id.* at pp. 1139, 1141–1144.) In ruling on *Romero* motions, "trial judges [have] substantial leeway in determining the most significant facts in each case." (*Mendoza*, *supra*, 74 Cal.App.5th at p. 861 [distinguishing *Avila*].) *Avila* does not demonstrate the trial court abused its broad discretion here.

II.      *Consecutive Sentencing*

Appellant argues the trial court abused its discretion in imposing sentence for the misdemeanor battery count consecutively instead of concurrently. We reject the challenge.

Appellant concedes that he forfeited the claim by failing to raise it below. (*In re F.M.* (2023) 14 Cal.5th 701, 710 ["a defendant who fails to object before the trial court to a sentence on the ground that it is being 'imposed in a procedurally or factually flawed manner' generally forfeits the right to challenge such an error on appeal"].) Appellant asks us to exercise our discretion to consider the issue despite forfeiture, but provides no reason why we should. (See *People v. Connors* (2016) 3 Cal.App.5th 729, 737 [" ' "discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue" ' "].) We decline to do so.

5

Appellant argues, in the alternative, that his trial counsel was ineffective in failing to raise the objection. "In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome." (*People v. Carter* (2003) 30 Cal.4th 1166, 1211 (*Carter*).) Appellant asserts he was prejudiced by any deficient performance "because the court imposed a consecutive sentence without considering whether it could impose a concurrent sentence." Appellant points to nothing in the record indicating the court failed to consider whether it could impose a concurrent sentence. "Absent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.) In fact, the trial court imposed the misdemeanor trespass sentence concurrently, indicating it was entirely aware of its discretion to do so. Appellant's argument that the jury acquitted appellant of the most serious crimes does not establish that the consecutive sentence was an abuse of discretion. (See *People v. Shaw* (2004) 122 Cal.App.4th 453, 458 ["Section 669 grants the trial court broad discretion to impose consecutive sentences when a person is convicted of two or more crimes"].)

DISPOSITION

The judgment is affirmed.


SIMONS, J.


We concur.

JACKSON, P. J.
CHOU, J.


(A171923)